**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MUTHANA JALAL AZIZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-72940

Agency No. A209-875-914

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2020[**]
Portland, Oregon

Before:  BERZON and COLLINS, Circuit Judges, and CHOE-GROVES,[***] Judge.

Muthana Jalal Aziz, a native and citizen of Iraq, seeks review of the Board

of Immigration Appeals's order affirming the denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture. We

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

deny the petition.

1. Jalal Aziz cannot establish eligibility for asylum or withholding of removal on the basis of the abuse to which he was subjected following his desertion from the Iraqi army in 1994. "Punishment on account of desertion generally does not support refugee status, unless it can be shown that such punishment is based on political opinion or another statutorily-protected ground." *Al-Harbi v. INS*, 242 F.3d 882, 889 (9th Cir. 2001). Although Jalal Aziz argues to this Court that the abuse was inflicted on account of a political opinion, he did not make that argument to the BIA. As the argument that his desertion was the expression of a political opinion is unexhausted, this Court lacks jurisdiction to address it. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

2. Jalal Aziz failed to establish eligibility for asylum or withholding of removal based on his Christian religion. Given that Jalal Aziz did not present evidence establishing past persecution on this basis, he "bears the burden of establishing that it would be either unsafe or unreasonable for him to relocate, unless the persecution is by a government or is government-sponsored." *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) (citing 8 C.F.R. § 208.13(b)(3)(i)). The evidence introduced by Jalal Aziz attests to persecution directed at Christians in some parts of Iraq, but not by the government and not government-sponsored. That

2

evidence does not meet Jalal Aziz's burden to demonstrate that it would be unsafe or unreasonable for him to relocate to other parts of Iraq to avoid such persecution.

3. Nor can Jalal Aziz establish that the gang violence to which he was subjected in Guatemala, where he lived from 1995 until 2016, makes him eligible for asylum or withholding of removal. "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). The agency did not err in concluding that there was insufficient evidence to show that the gang threats and extortion to which Jalal Aziz and his family were subjected in Guatemala were perpetrated for any reason other than pecuniary gain. Although Jalal Aziz argues to this Court that the violence he faced due to his status as a visa holder, which he argues is a "particular social group," he did not raise this argument before the BIA, so the Court lacks jurisdiction to reach it. *See* 8 U.S.C. § 1252(d)(1).

4. Jalal Aziz's claims under the Convention Against Torture also fail. Although the abuse that Jalal Aziz suffered in Iraq following his desertion undoubtedly constituted torture, he has not shown that he is likely to be tortured at the hands of a different government upon his return. And the agency did nor err in concluding that the gang-related crimes that Jalal Aziz faced or might face in Guatemala would not constitute torture under the Convention Against Torture.

3

**PETITION FOR REVIEW DENIED.**